# Exhibit A

ELECTRONICALLY FILED
2021 Nov 24 10:20 AM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGARITA HERNANDEZ ARZATE,
NOE SUAREZ, SARAHI ARZATE
LOPEZ, NAYELI HERNANDEZ, and
DAVID HERNANDEZ

       Plaintiffs,

vs.

DANIEL LARA and PIZANO'S
TRUCKING, LLC,

       Defendants.

Cause No.:
Div.:
Jury Demanded

## COMPLAINT

**COMES NOW** the Plaintiffs, Margarita Hernandez Arzate, Noe Suarez, Sarahi Arzate

Lopez, Nayeli Hernandez, David Hernandez, and would show unto the Court as follows:

### I.

That your Plaintiffs are resident citizens of Shelby County, Tennessee; that your

Defendant, Daniel Lara, assumed to be a citizen and resident of El Paso County, Texas; that your

Defendant, Pizano's Trucking, LLC, is a limited liability company licensed and authorized to do

business in the State of Texas.

### II.

That your Defendant, Daniel Lara, was at all relevant times an agent or employee of the

Defendant, Pizano's Trucking, LLC, was acting in the course and scope of his agency or

employment and for the benefit of Pizano's Trucking, LLC.  Therefore, Pizano's Trucking, LLC

is liable to Plaintiff for the negligent acts committed by Daniel Lara pursuant to the doctrine of *respondeat superior* and for any negligence of its own.

### III.

That on or about December 2, 2020, Plaintiffs, Margarita Hernandez Arzate, Noe Suarez, Sarahi Arzate Lopez, Nayeli Hernandez, David Hernandez, while traveling in a 2015 Nissan Altima, were northbound on Interstate 40 in Memphis, Shelby County, Tennessee. That Defendant, Daniel Lara, while operating a 2013 Peterbilt Motors Peterbilt 389, Texas license R410329, assumed to be owned by and registered in the name of Pizano's Trucking, LLC, was facing northbound in traffic on Interstate 40 in Memphis, Shelby County, Tennessee, when without warning, Defendant did negligently and carelessly lost control of his vehicle and rolled back striking Plaintiffs' vehicle. That the impact was so great it threw your Plaintiffs, Margarita Hernandez Arzate, Noe Suarez, Sarahi Arzate Lopez, Nayeli Hernandez, David Hernandez, about in the vehicle, thereby causing them to sustain serious injury.

### IV.

Plaintiffs charge and allege that the Defendant, Daniel Lara, was guilty of the following acts of common law negligence, each and every one of which was a direct and proximate cause of the Plaintiffs' resulting damages, to wit:

    a.  In failing to devote full time and attention to the operation of its vehicle;

    b.  In failing to maintain a proper outlook;

    c.  In driving its vehicle too fast under the conditions prevailing;

    d.  In failing to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of themselves and others properly upon the aforementioned street;

e.  In failing to control the movement, momentum for direction of travel of its vehicle, or to turn or guide the same, as it was its duty to do so, as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

## V.

Plaintiffs further charge and allege that at the time of the accident in question, the following Ordinances of the City of Memphis were in full force and effect and were violated by Defendant, Daniel Lara:

Sec. 11-16-38  <u>Limitations on backing.</u>

The driver of a vehicle shall not back the same unless such movement can be made with reasonable safety and without interfering with other traffic.

Sec. 11-16-2  <u>Duty to devote full time and attention to operating vehicle.</u>

It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

Sec. 11-16-3  <u>Duty to drive at safe speed, maintain lookout and keep vehicle under control.</u>

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

a)  Operate his or her vehicle at a safe speed;

b)  Maintain a safe lookout;

c)  Use due care to keep his or her vehicle under control.

Sec. 11-16-44  <u>Reckless driving.</u>

Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

## V.

3

Plaintiffs further charge and allege that at the time of the accident in question, the following Statutes of the State of Tennessee were in full force and effect and were violated by Defendant, Daniel Lara:

55-8-163      Limitations on backing.

The driver of a vehicle shall not back the vehicle unless that movement can be made with reasonable safety and without interfering with other traffic.

55-10-205      Reckless driving.

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

55-8-136      Drivers to exercise due care.

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm.

## VI.

As a direct and proximate result of the negligence of the Defendants, and resulting collision, the Plaintiffs, Margarita Hernandez Arzate, Noe Suarez, Sarahi Arzate Lopez, Nayeli Hernandez, David Hernandez, suffered serious, painful and permanent injuries, and mental anguish; Plaintiffs incurred doctor, medical, hospital and other bills in an effort to cure said injuries and will in the

future incur such expenses; Plaintiffs' capacity for pleasure, business, work and the enjoyment of life have been impaired.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Margarita Hernandez Arzate, be awarded compensatory damages in the amount of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

3. That the Plaintiff, Margarita Hernandez Arzate, be granted whatever other relief, general or specific, this Court deems equitable and just.

4. That Plaintiff, Noe Suarez, be awarded compensatory damages in the amount of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

5. That the Plaintiff, Noe Suarez, be granted whatever other relief, general or specific, this Court deems equitable and just.

6. That Plaintiff, Sarahi Arzate Lopez, be awarded compensatory damages in the amount of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

7. That the Plaintiff, Sarahi Arzate Lopez, be granted whatever other relief, general or specific, this Court deems equitable and just.

8. That Plaintiff, Nayeli Hernandez, be awarded compensatory damages in the amount of ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

9. That the Plaintiff, Nayeli Hernandez, be granted whatever other relief, general or specific, this Court deems equitable and just.

10. That Plaintiff, David Hernandez, be awarded compensatory damages in the amount of

ONE HUNDRED FIFTY THOUSAND and 00/100 ($150,000.00) DOLLARS.

11. That the Plaintiff, David Hernandez, be granted whatever other relief, general or

specific, this Court deems equitable and just.

12. Plaintiffs demand a Jury to try these issues when joined.

Respectfully submitted this _____ day of November, 2021.

By:_____

Larry Jimmy Peters, Esq. (#37889)
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee  38103
Telephone:  (901) 313-3411
Facsimile:  (901) 577-1400

SCHWED, ADAMS & MCGINLEY, P.A. is surety for the court costs of this cause.

_____

SCHWED, ADAMS & MCGINLEY, P.A.

ELECTRONICALLY FILED
2021 Nov 24 10:20 AM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

MARGARITA HERNANDEZ ARZATE,
NOE SUAREZ, SARAHI ARZATE LOPEZ,
MAYELI HERNANDEZ, and DAVID
HERNANDEZ,

      Plaintiffs,

vs.

      Case No:
      Div.:
      Jury Demanded

DANIEL LARA and PIZANO'S
TRUCKING, LLC,

      Defendants.

## NOTICE OF PROPOUNDING INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, PIZANOS TRUCKING

**COME NOW** the Plaintiffs, by and through the undersigned counsel, and propound the following Interrogatories and Requests for Production to be answered by Defendant, Pizanos Trucking, under oath and in writing within forty-five (45) days after service hereof as provided by Tennessee Rules of Civil Procedure 33 & 34.

By: _____

Larry "Jimmy" Peters, Esq. (#37889)
Email: Jpeters@schwedlawfirm.com
Attorney for Plaintiffs
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 2 of 21

## CERTIFICATE OF SERVICE

I, Larry "Jimmy" Peters, do hereby certify that a true and correct copy of the foregoing
has been sent for service with the Complaint.

LARRY "JIMMY" PETERS

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 3 of 21

## DEFINITIONS

1.   The term "document" or "documents" shall mean any written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any type of description, regardless of origin or location, in your actual or constructive possession, custody or control. And whether prepared, published, or recorded by your or any other person or entity, including without limitation all correspondence, records, tables, charts, analyses, graphs, videotapes, photographs, schedules, films, reports, slides, negatives, audiotapes, memoranda, notes lists, calendars, telexes, messages (including but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, inter-office communications, questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financial records, orders, invoices, statements, acknowledgments, bills, bills of lading, data processing cards, generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which data can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinion or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes), or any other situation in which thoughts and/or ideas are recorded in any form whatsoever.  If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a subsequent document.

2.   "Identify," used with respect to documents means that you are required, for each and every document, to:

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 4 of 21

(a)    state the exact name and title by which you refer to it; (b) state the date of the document and all of its serial or identifying numbers, if any; (c) identify, by providing all of the information required by Definition No. 3, each and every person who wrote, signed, initialed, dictated or otherwise participated in the creation of the document; (d) state its general subject matter; (e) state the current location of the document and identify, by providing all information required by Definition No. 3, the present custodian of the document; (f) identify, by providing all of the information required by Definition No. 3, each and every addressee, if any, of the document or any copy of the document.

3.    "Identify," when used in reference to persons means that you are required to state the name and last known business and residence address, and, if other than natural persons, the full name and address of the entity.

4.    "Person" or "persons" shall mean all entities of every description and includes any natural person, corporation, partnership, association, company, estate, trust, group, organization, business, public governmental entity, private governmental agency, and/or any other entity of any type or kind whatsoever whether recognized in law, fact, or otherwise.

5.    "You" or "your" shall mean Pizanos Trucking's, as well as all representatives and other persons acting on behalf of PIZANOS TRUCKING, including but not limited to all agents and attorneys.

6.    Use of the present tense in this document includes the past and future tenses, use of singular form includes the plural form and use of the masculine form include the feminine form and vice-a-versa.

7.    "Our" and/or "ours" shall mean MARGARITA HERNANDEZ ARZATE, NOE SUAREZ, SARAHI ARZATE LOPEZ, MAYELI HERNANDEZ, and DAVID

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 5 of 21

HERNANDEZ's, as well as all representatives and other persons acting on behalf of

MARGARITA HERNANDEZ ARZATE, NOE SUAREZ, SARAHI ARZATE LOPEZ,

MAYELI HERNANDEZ, and DAVID HERNANDEZ, including but not limited to all agents

and attorneys.

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 6 of 21

## __INTERROGATORIES TO DEFENDANT, PIZANOS TRUCKING__

(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)

1.    Please provide the full name, home address, home phone number, office phone number, and place of employment for each and every person, firm, or entity who answered or assisted in answering these interrogatories.


2.    Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiffs' Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.


3.    Describe in detail how the incident described in the Complaint happened, including all actions taken by the defendant driver to prevent the incident.


4.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.


5.    State the facts upon which you rely for each affirmative defense in your answer.


6.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 7 of 21

each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.     Was the defendant driver charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint?  If so, what was the nature of the charge; what plea of answer, if any, did the defendant driver enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and, if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

8.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which said persons have knowledge.

9.     Specify all persons whom you intend to call as a witness at the trial of this matter, including any persons named in your response to Interrogatory No. 8.

10.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so,

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 8 of 21

state the name and address of each person who made the statement or statements, the name and

address of each person who heard it, and the date, time, place, and substance of each statement.

11.     Please state if you have ever been a party, either Plaintiff or Defendant, in a

lawsuit other than the present matter, and, if so, state whether you were Plaintiff or Defendant,

the nature of the action, and the date and court in which such suit was filed.

12.     To your knowledge, was the defendant driver suffering from physical infirmity,

disability, or sickness at the time of the incident described in the Complaint?  If so, what was the

nature of the infirmity, disability, or sickness?

13.     To your knowledge, did the defendant driver consume any alcoholic beverages or

take any drugs or medications within 12 hours before the time of the incident described in the

Complaint?  If so, state the type and amount of alcoholic beverages, drugs, or medications which

were consumed, and when and where the defendant driver consumed them.

14.     Did any mechanical defect in the motor vehicle in which the defendant driver was

riding at the time of the incident described in the Complaint contribute to the incident?  If so,

describe the nature of the defect and how it contributed to the incident.

15.     List the name and address of all persons, corporations, or entities who were

registered title owners or who had ownership interest in, or right to control, the motor vehicle

that the defendant driver was driving at the time of the incident described in the Complaint; and

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v. Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 9 of 21

describe both the nature of the ownership interest or right to control the vehicle, and the vehicle itself, including the make, model, year and vehicle identification number.

16.     At the time of the incident described in the Complaint, did the defendant driver of the vehicle described in your answer to the preceding interrogatory have permission to drive the vehicle? If so, state the names and addresses of all persons who have such permission

17.     At the time of the incident described in the Complaint, was the defendant driver engaged in any mission or activity for any other person or entity, including any employer? If so, state the name and address of that person or entity and the nature of the mission or activity.

18.     If anyone acting on your behalf obtained statements in any form from any person regarding the present collision, the Plaintiffs and/or their past medical care, including statements made by the Plaintiffs, state with respect to each such statement the name and address of the person(s) to whom such statement was made; the date the statement was made; the form of the statement; if the statement was written, whether it was signed; and the names and addresses of all persons presently having custody of the statement.

19.     Do you, your attorneys, your insurance carriers or anyone acting on your or their behalf have or know of any photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence concerning any of the events, happenings, scene of the wreck, or the condition of any vehicle (or any part thereof) involved in the wreck either before or after the event alleged in this action? If so, please identify each tangible item's

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v. Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 10 of 21

specific subject matter; the date it was made or taken; the name and address of the person making or taking it; what each item purports to show, illustrate or represent; and the name and address of each person having custody of such item or items.

20.     Please explain the nature of the employment relationship between you and your driver on the day of the wreck (lease operator, company driver, temporary driver, owner-operator, etc.) and include the date the relationship began, the date it terminated, and, if applicable, the person from your company involved in any such termination.

21.     State the name, and address for the Safety Director, Federal Safety Regulation Compliance Officer, driver's Terminal Manager, and the driver's Dispatcher, for your organization, who were in the positions named above during any portion of your driver's trip which ultimately involved the wreck referenced in the Complaint.

22.     As to the driver (your driver) of your tractor-trailer being operated at the time of the wreck, please state the driver's complete name; the driver's present home address; the driver's social security number, date of birth, driver's license numbers, the names of the states issuing said licenses; and such driver's mode of compensation.

23.     As to both the tractor and trailer involved in the wreck, which your driver was operating, please state the manufacturer, make, model number, and year for each; the trailer's length and width thereof at the longest and widest portions, respectively; the weight of the trailer empty, its carrying capacity, and the gross vehicular weight; the name of the entity to whom the

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 11 of 21

tractor and the trailer were titled; and the total gross weight of the tractor-trailer at the time of the

wreck.

24.     In reference to the load being transported at the time of the wreck, please identify

where the load originated; the contents and weight of the load; the final destination of the load;

any contracts signed or entered into pertaining to the transportation of said load; the name,

address, and phone number of the person or persons employed by the contractor and shipper who

was in charge of the load at the place where said load originated; and the name, address and

phone number of each broker in any way involved with the load.

25.     Please state whether your tractor-trailer contained or utilized an on-board

recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master or

device known by any other name which records information concerning the operation of the

truck?  If so, please state the name and address of the person having custody of the graphs,

printouts, raw data, and/or other documentary evidence produced or capable of being produced

by said machine regarding any data for any and all parts of the trip which ultimately was

involved in the wreck which forms the basis of Plaintiffs' Complaint.

26.     Were any tests (blood, urine, or other) performed on your driver by you, pursuant

to state or federal regulation on your own safety policies, at any time during the period

commencing 45 days prior to the wreck through and including 45 days after the wreck?  If so,

please state the results of all such tests and the name, address, and phone number of the persons,

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 12 of 21

firms, or entities who administered said tests and all such persons, firms, or entities who are in

possession of a copy of the results of said tests.

27.    At the time of the wreck, did you have any policy or procedure manuals

pertaining to the operation of a tractor-trailer such as driver's manuals, company rules, or other

tangible materials by whatever name?  If so, provide the name of each such manual.

28.    Please state the name, address and telephone number of each person who has a

copy of your driver's Daily Driver Logs for the period commencing 6 months prior to the present

collision, up to and including the day of the collision.

29.    Describe in detail the initial and continuing training requirements for your drivers

as of the date of the present collision.

30.    Describe in detail your drug and alcohol programs including, without limitation,

your random drug testing program.

31.    Please state the date of each and every review by federal, state and/or other

entities during the last 10 years, and state the results of each such review.

32.    State the manner in which your driver, driver's dispatcher, and driver's terminal

manager were compensated as of the date of the present collision, including without limitation

any pay or bonus based on miles driven or other productivity indices.

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 13 of 21

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 14 of 21

_____

On behalf of Pizanos Trucking


_____

(print name)                    (Position)


STATE OF TENNESSEE     )
                                      )SS:
COUNTY OF _____)

THE FOREGOING INSTRUMENT was acknowledged before me this __ day of

_____, 20__, by _____, who, first being duly sworn,

acknowledged that he/she is the person authorized to execute the foregoing Answers to

Interrogatories and that he/she has read the answers and that they are true and correct to the

best of his/her knowledge and belief, and is personally known to me or who has produced

_____ as identification and who did/did not take an oath.


_____

NOTARY PUBLIC
State of Tennessee at Large


_____

Name of Notary Public - typed, printed or
stamped

(Seal)

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 15 of 21

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 16 of 21

## **REQUESTS FOR PRODUCTION**

1.      Defendant is requested to produce a copy of any and all statements (as defined in the Rules of Civil Procedure) concerning this action or the subject matter of this action.

2.      Defendant is requested to produce a copy of the declaration page and coverage pages of policies of liability insurance providing liability coverage to one or more of the Defendants for claims arising out of the incident described in the Complaint, or, copies of any and all policies of insurance which allegedly provide liability insurance coverage to the Defendant for the accident described in the Complaint.

3.      Defendant is requested to produce a copy of any and all policies of insurance of any kind or nature, which would provide benefits to the Plaintiffs by reason of the accident described in the Complaint.

4.      Defendant is requested to produce any property in the possession of the Defendant on the date of the accident described in the Complaint which was involved in the accident described in the Complaint and which property contains marks or damage as a result of the accident described in the Complaint, or if such property no longer contains such marks or damage in the same condition as it did on the date of the accident described in the Complaint subsequent to said accident, then produce for examination copies of any and all photographs showing such marks or damage.

5.      Defendant is requested to produce Defendant's motor vehicle described in the Complaint, or if said motor vehicle is no longer available, any and all photographs of Defendant's motor vehicle in the possession of the Defendant.

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 17 of 21

6.      Defendant is requested to produce any photographs of the Defendant's vehicle showing any marks or damage on said vehicle which were the result of the accident described in the Complaint.

7.      Defendant is requested to produce any written document, repair estimate or report of examination describing in any way the nature and extent of the damage to Defendant's property which occurred as a result of the accident described in the Complaint or any such documents reflecting conditions of the Defendant's property immediately prior to the accident described in the Complaint which said conditions have subsequently been repaired or corrected or no longer exist.

8.      Any and all reports including preliminary reports from any expert prepared concerning this matter.

9.      Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint.

10.     A copy of the MC-50 B or T prepared as a result of this wreck.

11.     Repair estimates for damages to Defendant's tractor and trailer which were involved in this wreck.

12.     A copy of each of your driver's driving licenses in effect on the date of this wreck.

13.     A copy of the "accord" statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein.

14.     A copy of the current curriculum vitae of any and all experts you intend or expect to call at the trial of this case.

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 18 of 21

15.     Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision.

16.     Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

17.     Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

18.     Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning your driver.

19.     Your driver's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, part 391.51.

20.     Copies of all MVR's reflecting your driver's past driving record.

21.     Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

22.     Inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

23.     Logs and records commonly known as "Driver's Daily Logs," "MCS-139," "MCS-139A," "grid sheets" or "Driver Multi-Day Logs" concerning your driver for the period

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 19 of 21

commencing six (6) months prior to the wreck described in the Complaint up to and including

thirty (30) days after the date of the wreck described in the Complaint.

24.     Results of all drug and alcohol tests administered to your driver since the

beginning of his employment to the current date.

25.     Any and all results of any random, "reasonable cause," pre-employment, biennial,

and post-accident drug and alcohol testing.

26.     A copy of any Accident Register or master ledger of accidents which you

maintain.  Plaintiff seeks all such registers for the three years immediately prior to this wreck

through and including the date of said wreck.

27.     Any and all call-in reports or "accident call records" generated pertaining to this

wreck.

28.     The original raw data and copies of any and all printouts of any on-board

recording device, on-board computer, tachograph, trip monitor, trip recorder, trip master, or

device known by any other name which records information concerning the operation of the

truck for the period commencing 30 days before the wreck through and including 10 days after

the wreck.

29.     Copies of any and all daily vehicle inspection reports concerning the subject

tractor and trailer involved in the wreck for the 60 days prior to the wreck, through and including

the 10 days after the wreck.

30.     Copies of the complete maintenance records for your tractor and trailer involved

in this wreck for the 6 months prior to and including the wreck.

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 20 of 21

31.     Copies of all lease, rental, and/or other agreements regarding the truck, trailer, and/or the driver involved in the present collision which may have been applicable at the time of the present collision.

32.     Any and all of your driver's fuel receipts, toll receipts, comdata receipts, comdata report, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about your driver for the period commencing 6 months prior to the collision to 30 days after the collision.

33.     Copies of any and all DOT and state agency reviews of your company for the period commencing 10 years prior to this collision to the present time.

34.     All records showing any and all payments associated with all lease, rental and other agreements identified in response to the preceding request.

35.     All claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck.

36.     Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck.

37.     Copies of the title and latest tag receipt for the tractor and trailer involved in the present collision.

38.     Copies of all documents, correspondence, and reports sent to or received from any federal, state or local regulatory agency pertaining to this wreck.

39.     Copies of any documents or writings which you contend support any connection that this wreck was the fault of any other person or entity.

40.     A copy of all documents showing your authority to operate trucks through the state in which the accident which is the subject of this lawsuit occurred (such as an I.C.C. permit

Hernandez Arzate, Margartia, Noe Suarez, Sarahi Arzate, Nayeli Hernandez and David Hernandez v.
Daniel Lara and Pizano's Trucking, LLC
Interrogatories and Requests for Production to Defendant, Pizanos Trucking
Page 21 of 21

or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the

Interstate Commerce Commission rules.

42.    Complete copies of each and every insuring agreement, bond, or reinsurance

agreements, along with all declaration pages, amendments, endorsements, and changes to the

policies identified in response to the foregoing interrogatories.

42.    Copies of all driver's manuals, company manuals, and other materials pertaining

to company, federal or state rules which were in effect at the time of the wreck described in the

Complaint.

43.    Copies of all bi-annual medical reviews for the last ten years.

ELECTRONICALLY FILED
2022 Jan 03 2:09 PM
CLERK OF COURT
ELECTRONICALLY FILED
2021 Nov 24 10:20 AM
CLERK OF COURT

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. _____          ○ Lawsuit
                                     ○ Divorce                    Ad Damnum $ _____

| HERNANDEZ ARZATE, MARGARITA, NOE SUAREZ, SARAHI ARZATE LOPEZ, NAYELI HERNANDEZ, and DAVID HERNANDEZ | VS | DANIEL LARA and PIZANO'S TRUCKING, LLC, |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| PIZANO'S TRUCKING, LLC 3600 LA CUESTA DRIVE EL PASO, TX 79936-0745 | Method of Service: ○ Certified Mail ○ Shelby County Sheriff ○ Commissioner of Insurance ($) ○ Secretary of State ($) ○ Other TN County Sheriff ($) ● Private Process Server ○ Other |
|---|---|

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on Larry "Jimmy" Peters, Esq./Schwed, Adams, & M, Plaintiff's

attorney, whose address is 88 Union Avenue, Suite 1100, Memphis, Tennessee 38103

telephone (901) 313-3411          within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____          By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master          By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _14th_ day of _December_ , 20 _21_ at _8:30 p_ M. a copy of the summons

and a copy of the Complaint to the following Defendant _Pizano's Trucking by serving Teofilo Pizano Sierra_

at _3000 LA Cuesta Dr. El Paso, Tx 79936_

_____
Signature of person accepting service

By: _Cinthia Maag P83163_
Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____ , 20 _____ .

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**        MARGARUTA ARZATE VS DANIEL LARA

**Case Number:**    CT-4712-21

**Type:**                  SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 11/24/2021 10:53:14 AM

# Affidavit of Process Server

*Circuit Court*
(NAME OF COURT)

*Hernandez Arzate et al* vs *Daniel Lara & Pizano's Trucking LLC* CT-4712-21
PLAINTIFF/PETITIONER                    DEFENDANT/RESPONDENT                    CASE NUMBER

I, *Cynthia NAVA*, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served *Pizano's Trucking LLC*
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) *Summons; Complaint; Interrogatories*

by leaving with *TeoFilo Pizano Sierra*                    *Self*
NAME                                              RELATIONSHIP

☒ Residence *3600 LA Cuesta Dr.*                                              At
☐ Business   ADDRESS                              *El Paso, TX 79936*
           ADDRESS                              CITY / STATE

On *12-14-21*                    AT *8:30pm*
DATE                            CITY / STATE
                              TIME
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on

from_____
        CITY            STATE            ZIP                              DATE

Manner of Service:
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding
☐ Address Does Not Exist ☐ Other_____    ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion

**Service Attempts:** Service was attempted on: (1)_____

(3)_____    (4)_____    (2)_____
  DATE      TIME              DATE      TIME            DATE      TIME
                                              (5)_____
                                                DATE      TIME
**Description:**. Age_____ Sex_____ Race_____ Height_____ Weight_____ Hair_____ Beard_____ Glasses_____

_____ PSC3453
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this *16th* day of *December*, 20___, by *Cynthia Nava*
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

BIANCA ARAGON
Notary Public, State of Texas
Comm. Expires 05-04-2023
Notary ID 124510369

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of *05/04/2023*

FORM 2            NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS